IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CHARLES M. SMITH AND BOSSIER RIVERSIDE, L.L.C.** | * | **CIVIL ACTION NO. 05-1416** |
| | * | **JUDGE STAGG** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **RIVERWALK ENTERTAINMENT, L.L.C., ET AL** | | |

## RULING ON \MOTION TO COMPEL[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Compel filed by plaintiffs. [Document No.40]. For reasons stated below, the motion is **GRANTED.**

Plaintiffs' motion to compel seeks production of Pam Glorioso's Project File from Bossier City, and seeks testimony from John Good, the sole member of defendant Riverwalk Entertainment, L.L.C. and a former member of Defendant Louisiana Riverwalk, L.L.C.

Pam Glorioso Project File

Plaintiffs seek production of Pam Glorioso's project file on the grounds that Ms. Glorioso was the Project Manager of the Boardwalk Project, that her project file contains documentation regarding conversations and interactions among plaintiffs and defendants, procurement of land, interactions between developers and the City of Bossier, and information regarding the City's attempts to negotiate a purchase of or efforts to expropriate the land in question, along with

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

information relevant to the City's position that it already owned the property.

All of this information is relevant and discoverable, and, particularly in light of the inconsistencies in the documents produced by the City and those produced by Timothy Goeders, plaintiffs are entitled to examine the Glorioso Project File to be certain that all relevant information from the File has indeed been supplied.

Plaintiffs' motion to compel production of Pam Glorioso's Project File is therefore **GRANTED**, and the City of Bossier is hereby Ordered to provide a copy of the file or to make the file available to the plaintiffs for inspection and copying within 15 days of the date of this order.

John Good Testimony

Plaintiffs also seek information from John Good regarding his relationship with Timothy Goeders, the litigation between Good and Goeders relative to Riverwalk Entertainment, the transfer of Riverwalk Entertainment to Louisiana Riverwalk, and the relationships between and among Good, Louisiana Riverwalk, Riverwalk Entertainment, Riverwalk Managers, LLC, O&S Holdings, LLC, and Gary Safady. Good refused to answer questions relating to these matters, citing a confidentiality agreement between himself and Goeders regarding not only the terms of the settlement, but also the underlying relationships. The undersigned has reviewed the settlement agreement and the confidentiality agreement and finds that there are aspects of the agreement which may be relevant to aspects of these proceedings, and particularly to issues of credibility of Good and Goeders. In addition, the circumstances surrounding any transfer of Riverwalk Entertainment to Louisiana Riverwalk or to O&S Holdings is also relevant to the issues in this case.

The information sought by the plaintiffs is clearly relevant and discoverable. However,

Defendants' arguments regarding disclosure of confidential or proprietary information also has merit. Therefore, while the motion to compel is **GRANTED**, defendants may request an appropriate protective order from this court in order to assure themselves that any such information will be used only for purposes of this litigation, and not for any improper purpose, prior to providing the information.

Toward that purpose, a **joint** proposed protective order is to be presented to the undersigned no later than Thursday, September 28, 2006. Should counsel be unable to agree on the terms of the protective order, they may present proposed protective orders to the court by the same deadline, and the undersigned will make a determination as to which version is more appropriate for these proceedings. However, the parties and their counsel are strongly encouraged to reach an agreement as to the wording of the protective order without further intervention of the court.

THUS DONE AND SIGNED at Monroe, Louisiana this 21st day of September, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE